UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHAWN DERWIN ELSEY (#90-39348)

VERSUS                                    CIVIL ACTION

LT. JAMES SULLIVAN, ET AL                 NUMBER 12-332-BAJ-SCR

<u>**NOTICE**</u>

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
   In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Baton Rouge, Louisiana, December 12, 2012.

                                   STEPHEN C. RIEDLINGER
                                   UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHAWN DERWIN ELSEY (#90-39348)

VERSUS                                          CIVIL ACTION

LT. JAMES SULLIVAN, ET AL                       NUMBER 12-332-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Rule 12(b(6), F.R.Civ.P., Motion to Dismiss filed by defendant Sgt. Troy Eubanks. Record document number 33. The motion is not opposed.

Pro se plaintiff, an inmate currently incarcerated at East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Zachary Police Department detective Lt. James Sullivan, Zachary Police Department Chief of Police David McDavid, Sgt. Troy Eubanks, Judge Lonny Myles and two unidentified Zachary Police officers.[1] Plaintiff alleged that he was beaten without provocation and was subjected to false arrest in violation of his constitutional rights.

**I. Factual Allegations**

Plaintiff alleged that on April 5, 2010, during an interrogation following his arrest, he was beaten by an unidentified Zachary Police officer. Plaintiff alleged that he

---

[1] Record document number 14, amended complaint.

filed a complaint with the internal affairs department of the Zachary Police Department regarding the alleged abuse. Plaintiff alleged that Chief of Police McDavid assigned the plaintiff's complaint to Lt. James Sullivan for an investigation. Plaintiff alleged that on November 15, 2011, he provided a recorded statement to Lt. Sullivan regarding the incident. Plaintiff alleged that Lt. Sullivan accused him of lying and ordered him to leave the hearing room.

Plaintiff alleged that on January 15, 2012, he was arrested on a fugitive warrant on three counts of falsifying internal investigation reports and three counts criminal mischief. Plaintiff alleged that Judge Myles issued the warrant while presiding over the plaintiff's criminal charges. Plaintiff alleged that the criminal charges were subsequently dismissed.

## II. Applicable Law and Analysis

Defendant Sgt. Eubanks moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct.

1955 (2007).  The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950.  The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

To be liable under § 1983, a person must either be personally

3

involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Plaintiff named Sgt. Eubanks as a defendant but failed to allege any act, or failure to act, by him.  Other than merely listing defendant Sgt. Eubanks as a defendant, neither the plaintiff' original complaint nor his amended complaint even mentions the defendant or otherwise refers to him.

## RECOMMENDATION

It is the recommendation of the magistrate judge that Sgt. Troy Eubanks' Motion to Dismiss be granted and the claims against him be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, December 12, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE