UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


SHAWN DERWIN ELSEY (#90-39348)

VERSUS                                    CIVIL ACTION

LT. JAMES SULLIVAN, ET AL                 NUMBER 12-332-BAJ-SCR

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 14, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


SHAWN DERWIN ELSEY (#90-39348)

VERSUS                                    CIVIL ACTION

LT. JAMES SULLIVAN, ET AL                 NUMBER 12-332-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is defendant Lt. James Sullivan's Rule 12(b)(6), F.R.Civ.P. Motion to Dismiss, record document number 35, which was converted to a motion for summary judgment.[1]  The motion is not opposed.[2]

Pro se plaintiff, an inmate currently incarcerated at East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Zachary Police Department detective Lt. James Sullivan, Zachary Police Department Chief of Police David McDavid, Sgt. Troy Eubanks, Zachary City Court Judge Lonny Myles and two unidentified Zachary Police officers.[3]  Plaintiff alleged that he was beaten without

---

[1] Record document number 37.

[2] Plaintiff was granted an extension of time until January 7, 2013 to oppose the defendant's motion.  Record document number 41. Plaintiff failed to file an opposition or any other response to the motion.

[3] See record document number 14, amended Complaint.  The
                                                    (continued...)

provocation and was subjected to false arrest in violation of his constitutional rights.[4]

## I. Factual Allegations

Plaintiff alleged that on April 5, 2010, during an interrogation following his arrest, he was beaten by an unidentified Zachary Police officer. Plaintiff alleged that he filed a complaint with the internal affairs department of the Zachary Police Department regarding the alleged abuse. Plaintiff alleged that Chief of Police McDavid assigned the plaintiff's complaint to Lt. James Sullivan for an investigation. Plaintiff alleged that on November 15, 2011, he provided a recorded statement to Lt. Sullivan regarding the incident. Plaintiff alleged that Lt. Sullivan accused him of lying and ordered him to leave the hearing room.

Plaintiff alleged that on January 15, 2012, he was arrested on a fugitive warrant on three counts of falsifying internal

---

[3](...continued)
unidentified Zachary Police Officers did not participate in the defendant's motion for summary judgment. Because the plaintiff failed to identify the two unidentified Zachary Police officers they were not served with a summons and the complaint. The time allowed by Rule 4(m), Fed.R.Civ.P., to serve these defendants has expired.

[4] Defendants Troy Eubanks, David McDavid and Lonny Myles filed separate motions to dismiss. Record document numbers 33, 34 and 36, respectively. A separate Magistrate Judge's Report was issued on each motion recommending that the motion be granted. Record document numbers 44, 45, and 46, respectively.

investigation reports and three counts criminal mischief. Plaintiff alleged that Judge Myles issued the warrant while presiding over the plaintiff's criminal charges. Plaintiff alleged that the criminal charges were subsequently dismissed.

## II. Applicable Law and Analysis

Defendant Lt. Sullivan moved for summary judgment relying on a copy of an affidavit of probable cause executed by him on January 26, 2012.

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(c).

### B. Qualified Immunity

A government official performing a discretionary function is shielded from civil liability for his actions so long as his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).  This standard protects the official as long as his "actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*,

3

483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). Making qualified immunity determinations requires a two-step analysis. In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. at 638, 107 S.Ct. at 3038.

In the instant case, there is no need to assess the reasonableness of Lt. Sullivan's actions because he did not violate the plaintiff's constitutional rights.

### C. False Arrest

Plaintiff alleged that he filed a complaint with the Zachary Police Department Internal Affairs regarding an alleged excessive use of force by Zachary police officers. Plaintiff alleged that the complaint was referred to Lt. Sullivan for an investigation. Plaintiff alleged that during the taking of his recorded statement, Lt. Sullivan accused him of lying and ordered him to leave the room. Plaintiff alleged that a warrant for his arrest was subsequently issued charging him with three counts of falsifying internal investigation reports and three counts criminal mischief.

There is no cause of action for false arrest under § 1983

unless the arresting officer lacked probable cause. *Brown v. Bryan County, OK*, 67 F.3d 1174, 1180 (5th Cir. 1995). Probable cause is a defense to a § 1983 claim based on an alleged false arrest. *Mangieri v. Clifton*, 29 F.3d 1012, 1017 (5th Cir. 1994).

When an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest. *Thomas v. Sams*, 734 F.2d 185, 191 (5th Cir. 1984), *cert. denied*, 472 U.S. 1017, 105 S.Ct. 3476 (1985). It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party. *Wheeler v. Cosden Oil and Chemical Co.,*, 744 F.2d 1131 (5th Cir. 1984); *Thomas v. Sams*, *supra*. As long as an officer places all the facts supporting an arrest before an independent intermediary (such as a magistrate or grand jury) and does not maliciously withhold any relevant information, the intermediary's decision breaks the chain of causation for false arrest and insulates the initiating officer. *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994); *Hand v. Gary*, 838 F.2d 1420, 1427-28 (5th Cir. 1988).

It is undisputed that defendant Lt. Sullivan presented his affidavit to Nineteenth Judicial District Court Judge Richard M. Moore III. A warrant for the plaintiff's arrest was issued presumably based on the information contained in defendant Sullivan's affidavit. The summary judgment evidence showed that

the defendant's affidavit identified the plaintiff as the alleged perpetrator of the offenses of criminal mischief and filing a false complaint against a law enforcement officer.  The summary judgment evidence showed that the defendant's affidavit was based upon information known to him at the time.  There is no evidence that the defendant maliciously withheld relevant information.

### III. Conclusion

The summary judgment evidence supports finding that all relevant facts supporting the plaintiff's arrest were placed before an independent intermediary - a state court judge - thus insulating defendant Lt. Sullivan, the initiating officer.  Defendant is entitled to summary judgment as a matter of law.

Plaintiff has neither opposed the evidence offered in this matter nor submitted any fact showing that there is an issue for trial.  It is clear that a party may not rest upon mere allegations or denials of his pleadings in opposing a motion for summary judgment.  *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984).

### RECOMMENDATION

It is the recommendation of the magistrate judge that the Rule 12(b)(6), F.R.Civ.P., Motion to Dismiss filed by Lt. James Sullivan, considered at a Rule 56 motion for summary judgment, be

granted, dismissing the plaintiff's claims against the defendant.

It is further recommended that the claims against the unidentified Zachary Police Officers be dismissed pursuant to Rule 4(m), Fed.R.Civ.P.

Baton Rouge, Louisiana, January 14, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE